**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH MICHAEL CRAGG,

        Plaintiff,

                                Case No. 14-11379

v.                              Hon. Gerald E. Rosen
                                Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER REGARDING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         August 19, 2015        

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

On June 30, 2015, Magistrate Judge Anthony P. Patti issued a Report and

Recommendation ("R & R") recommending that the Court deny Plaintiff Kenneth

Michael Cragg's motion for summary judgment and grant the Defendant Commissioner

of Social Security's motion for summary judgment. Plaintiff filed objections to the R &

R on July 14, 2015, and Defendant filed a response to these objections on July 20, 2015.

The Court has now reviewed the parties' motions, the R & R, Plaintiff's objections,

Defendant's response, and the other materials in the record. For the reasons discussed

briefly below, the Court sustains one of Plaintiff's objections, and concludes that this

matter must be remanded to the Defendant Commissioner for further proceedings.

As his first objection to the R & R, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to identify appropriate grounds for discounting Plaintiff's testimony at the administrative hearing regarding the symptoms and limitations arising from his shoulder problems and carpal tunnel syndrome.  In particular, Plaintiff argues that the ALJ's credibility assessment impermissibly rested upon (i) a mischaracterization of Plaintiff's testimony regarding his daily activities, (ii) a failure to consider the side effects of the medications taken by Plaintiff and his reasons for discontinuing these medications, and (iii) a failure to properly consider the objective evidence in the record that was supportive of Plaintiff's testimony.  In the R & R, however, the Magistrate Judge thoroughly addressed each of these challenges to the ALJ's assessment of Plaintiff's credibility, explaining that the ALJ appropriately looked to Plaintiff's testimony regarding his daily activities in assessing his credibility, but emphasizing that the ALJ did not rely on this testimony alone to make this assessment.  (*See* R & R at 17-20.)  Rather, the ALJ also reviewed and discussed the medical record at length, finding that this evidence did not support the full extent of the limitations claimed in Plaintiff's testimony. (*See id.* at 18-19 (citing Admin. Record at 76-79).)  As for the ALJ's purported failure to consider the side effects of Plaintiff's use of medications, (*see* Plaintiff's Objections at 3), Plaintiff's principal complaint in his testimony before the ALJ was that these medications did not help to alleviate his pain, (*see* Admin. Record at 101, 103), and the ALJ merely (and correctly) pointed to evidence in the medical record indicating that Plaintiff had

2

obtained some relief in the past through the use of pain medications, (*see id.* at 78). While this modest record as to Plaintiff's mixed experiences with pain medication perhaps does not significantly undermine Plaintiff's credibility, neither does it call into question the ALJ's assessment of his credibility, particularly where the ALJ did not place any special emphasis on Plaintiff's past versus present use of pain medication in making this assessment.

Next, Plaintiff argues that the ALJ's determination of his residual functional capacity ("RFC") did not properly incorporate the testimony and other evidence concerning Plaintiff's insomnia due to shoulder pain and hand numbness, and his resulting need to nap during the day. In particular, while the ALJ noted Plaintiff's testimony that he had trouble sleeping, (*see id.* at 76), and also posed a hypothetical question to the vocational expert reflecting an individual who suffered from "frequent bouts of insomnia" and thus needed "frequent unscheduled rest breaks" and the ability to "nap at will" during the work day, (*id.* at 122),[1] the ALJ ultimately made an RFC finding that omitted any such need for rest breaks or naps, (*see id.* at 75). In Plaintiff's view, the ALJ failed to identify any basis for disregarding the evidence of his insomnia, thus raising the question whether the ALJ rejected Plaintiff's testimony as to his difficulty sleeping or simply "forgot about this testimony" in formulating Plaintiff's RFC. (*See* Plaintiff's

---

[1]The vocational expert opined that there would be no jobs that an individual with these and the other limitations included in the ALJ's hypothetical question would be capable of performing. (*See id.*)

3

Motion for Summary Judgment, Br. in Support at 15.)

The Court agrees that the ALJ failed to provide an adequate explanation — or, indeed, any explanation at all — for discounting Plaintiff's testimony regarding his insomnia and resulting need to nap during the day. As the Sixth Circuit has explained, the pertinent Social Security ruling dictates that "the ALJ [must] explain his credibility determinations in his decision," in a manner that is "'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 248 (6th Cir. 2007) (quoting Social Security Ruling 96-7p, 1996 WL 374186, at *4 (July 2, 1996)). Although Defendant suggests that the ALJ's bare mention of Plaintiff's testimony regarding his difficulties in sleeping "reflects that the ALJ considered this testimony, but did not find that it equated with disability," (Defendant's Motion for Summary Judgment, Br. in Support at 9), the law requires that the ALJ must ***explain*** any such "find[ings]" that are meant to be reflected in an administrative decision, so that a reviewing court may determine whether these findings are supported by substantial evidence. Because the ALJ here did not do so with respect to Plaintiff's testimony that he suffers from insomnia and requires naps during the day, (*see* Admin. Record at 106-08),[2] the Court cannot ascertain the grounds upon which the ALJ

_____

[2]Notably, in his objections to the Magistrate Judge's R & R, Plaintiff seeks to bolster this testimony by pointing to evidence that he sought treatment for his insomnia and was prescribed medication for this condition. (*See* Plaintiff's Objections at 4 (citing Admin. Record at 476-77, 479).) While it surely would have been helpful for Plaintiff to cite this evidence in his underlying summary judgment motion in support of his challenge to the ALJ's assessment of his

might have elected to discount this testimony, and cannot determine whether these unstated reasons enjoy the support of substantial evidence in the record.

There remains only the question of the proper remedy for the ALJ's failure to fully explain her assessment of Plaintiff's credibility. The Sixth Circuit has instructed that this Court may "immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of HHS,* 17 F.3d 171, 176 (6th Cir. 1994). The question of the proper weight to be given to each aspect of Plaintiff's testimony has not yet been resolved in accordance with the relevant legal standards, and the R & R amply illustrates that there is evidence in the record that would permit a trier of fact to discount at least some aspects of this testimony. Accordingly, a remand is necessary to allow the Defendant Commissioner to address and resolve this outstanding and essential issue of fact.[3]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's first objection to the Magistrate Judge's June 30, 2015 Report and Recommendation is OVERRULED, but

---

credibility, he failed to do so, and the Court generally is precluded from considering new arguments or issues that were not presented to the Magistrate Judge in the first instance. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Fielder v. Commissioner of Social Security,* No. 13-10325, 2014 WL 1207865, at *1 (E.D. Mich. March 24, 2014).

[3]In light of this determination that a remand is warranted, the Court need not address Plaintiff's objection to the Magistrate Judge's determination that Plaintiff failed to meet the requirements for a remand under sentence six of 42 U.S.C. 405(g) for consideration of purportedly new and material evidence. Rather, the Defendant Commissioner may determine upon remand whether it is appropriate to supplement the existing administrative record.

that his second objection to the Report and Recommendation is SUSTAINED.  IT IS

FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket

#15) is ADOPTED IN PART and REJECTED IN PART, in accordance with the rulings

in this opinion and order.  Finally, IT IS FURTHER ORDERED that, for the reasons set

forth above and in the portion of the Magistrate Judge's Report and Recommendation that

has been adopted by the Court, Plaintiff's August 27, 2014 motion for summary judgment

(docket #10) is GRANTED IN PART, and Defendant's September 29, 2014 motion for

summary judgment (docket #13) is DENIED.


s/Gerald E. Rosen\
Chief Judge, United States District Court

Dated:  August 19, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on August 19, 2015, by electronic and/or ordinary mail.

s/Julie Owens\
Case Manager, (313) 234-5135